# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HAROLD L. WILBORN,
                    Appellant,

            v.

DEPARTMENT OF HOMELAND
    SECURITY,
                    Agency.

DOCKET NUMBER
SF-0752-16-0033-I-1

DATE: July 1, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Harold L. Wilborn, El Cajon, California, pro se.

Sofia Flood, Esquire, Chula Vista, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal in which he alleged that his retirement was involuntary.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision.

¶2 The appellant, a GS-7 Supervisory Law Enforcement Communications Assistant, filed a Board appeal in which he alleged that his retirement, effective January 31, 2015, was involuntary. Initial Appeal File (IAF), Tab 1. Specifically, he claimed that coercion by agency officials and intolerable working conditions rendered his retirement a constructive discharge. He also claimed discrimination based on sex, race, age, denial of reasonable accommodation, retaliation for whistleblowing and protected equal employment opportunity (EEO) activity, a violation of his rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), and a denial of due process in connection with the agency's processing of an EEO complaint he filed in 2014. He requested a hearing. *Id.* at 2.

¶3 In acknowledging the appeal, the administrative judge explained that, because retirements are presumed to be voluntary actions over which the Board lacks jurisdiction, the appellant's appeal would be dismissed unless he made nonfrivolous allegations that he retired because of duress, coercion, or misrepresentation by the agency. IAF, Tab 2. In his response, the appellant repeated his allegation of denial of due process, claiming that the investigative

file that the agency provided him in July 2015 in his EEO complaint[2] was inadequate. IAF, Tab 4 at 3-8. He also claimed that the agency had counseled him about his performance and issued him two Notices of Unsatisfactory Performance/Opportunity to Improve, *id.*, Subtab 5, based on which he had no realistic alternative but to retire, IAF, Tab 4 at 13. In further support of his claim, the appellant submitted a copy of an October 2, 2014 Notice of Proposed 10-day Suspension that the agency issued him based on Lack of Candor. *Id.*, Subtab 4 at 1-3. The agency moved that the appeal be dismissed for lack of jurisdiction, IAF, Tab 5, and the appellant responded to the agency's motion, IAF, Tab 6.

¶4      The administrative judge issued another acknowledgment order specifically addressing the appellant's claim of retaliation for whistleblowing and setting forth information on USERRA jurisdiction and proof requirements. IAF, Tab 7. In his response, the appellant first reiterated that his appeal was from the agency's Final Agency Decision (FAD) on his EEO complaint, issued on August 31, 2015. IAF, Tab 9 at 1-2. He argued that the agency knew or should have known that the charge in support of the suspension action[3] was not bona fide, *id.* at 4-5, and that the agency's actions rendered the workplace so intolerable that he was compelled to retire, *id.* at 6. The appellant also stated that he was filing an individual right of action (IRA) appeal, *id.* at 10-12, and he repeated his claims that the agency retaliated against him for having filed an EEO complaint, *id.* at 13-14, and failed to reasonably accommodate his undescribed disabling condition by denying him accrued leave to go to the Department of Veterans Affairs (VA)

---

[2] The appellant filed this EEO complaint on October 9, 2014, but in the Final Agency Decision (FAD), the agency also considered his claim of constructive discharge, which was presumably added during the complaint process. IAF, Tab 4, Subtab 2 at 1-3; Subtab 3 at 25.

[3] According to the appellant, the agency ultimately decided to suspend him for only 1 day, IAF, Tab 9 at 4, but he acknowledged that he did not serve the suspension because of his retirement. IAF, Tab 12 at 4.

hospital, *id.* at 15-16. He also described his past military service. *Id.* at 17. Again, the appellant argued that the agency's issuance of the FAD without completing the "investigative process" constituted not only a violation of due process, but also an appealable action under USERRA and the Whistleblower Protection Act. *Id.* at 22; *see* IAF, Tab 10.

¶5     In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 15, Initial Decision (ID) at 1, 7. He found that the agency's notifications to the appellant regarding his performance were insufficient to render his subsequent retirement involuntary. ID at 5. As to the claim of whistleblower retaliation, the administrative judge found that, even if the appellant made a protected disclosure in a 2011 memorandum, he failed to nonfrivolously allege that any agency official involved with his retirement knew of it. Similarly, as to the USERRA claim, the administrative judge found that the appellant failed to nonfrivolously allege that his status as a veteran was known to anyone or that it had a motivating effect on any agency employee to take any action that could be considered coercive. ID at 6. Finally, regarding the appellant's claim that he suffered a hostile working environment, the administrative judge found that he failed to nonfrivolously allege that he was subjected to a pattern of harassment based on his military service, or any other basis, that was sufficiently severe or pervasive to alter the terms and conditions of his employment. ID at 7.

¶6     The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded, PFR File, Tab 4, and the appellant has replied thereto, PFR File, Tab 3.

¶7     On review, the appellant argues that the administrative judge erred in not considering all 14 claims he raised in his EEO complaint. PFR, Tab 1 at 3-4. Although the record below contains only a portion of the appellant's unsigned and

undated complaint,[4] IAF, Tab 12 at 22-23, the agency's FAD clearly includes its treatment of his claim of involuntary retirement ("Claim 14: Forced to resign [sic] from the Agency (constructive discharge)." IAF, Tab 4, Subtab 2 at 11. The agency found that the appellant failed to establish this claim and it advised him of his right to appeal to the Board. *Id.* at 15. While the issuance of a FAD on a discrimination complaint is not itself a matter for Board review, an employee may timely file an appeal of a matter within the Board's jurisdiction that was the subject of a FAD on a formal EEO complaint. *See Lockridge v. U.S. Postal Service*, 72 M.S.P.R. 613, 617 n.2 (1996), *aff'd*, 121 F.3d 727 (Fed. Cir. 1997) (Table). The administrative judge correctly found that whether the appellant's retirement was involuntary or not was the only issue addressed in the FAD that could fall within the Board's jurisdiction,[5] ID at 4 n.1; IAF, Tab 4, Subtab 2 at 2-3, and that therefore the Board lacks jurisdiction over the other matters raised in the appellant's EEO complaint.

¶8 The appellant also argues on review that the administrative judge erred by failing to consider three of his pleadings. PFR File, Tab 1 at 6; ID at 5 n.2. In his second and final order issued on November 19, 2015, the administrative judge advised the parties that the record on jurisdiction would close on the date the agency's response was due, or on December 9, 2015, and that he would not accept any more evidence or argument on the jurisdictional issues unless the party submitting it showed that it was not readily available prior to the close of the record. Notwithstanding, the administrative judge acknowledged that, under the Board's regulations, a party may respond to new evidence or argument submitted

[4] We address later in this Order the administrative judge's decision to not consider this and other pleadings submitted by the appellant.

[5] The administrative judge incorrectly stated that neither party submitted the FAD into the record until after the record on jurisdiction closed. ID at 4 n.1. In fact, the appellant submitted a copy of the FAD in response to the administrative judge's first acknowledgment order. IAF, Tab 4, Subtab 2. The appellant has not, however, shown that the administrative judge's misstatement caused any prejudice to his substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

by the other party just before the close of the record. IAF, Tab 7 at 10. The agency submitted its final response on December 9, 2015, and, in that response, addressed for the first time the appellant's claims of USERRA discrimination and whistleblower retaliation. IAF, Tabs 5, 11. Because the response included new argument, the appellant was entitled under 5 C.F.R. § 1201.59(b)(2) to submit additional evidence or argument in rebuttal. However, because the appellant has not explained, nor is it otherwise apparent, why he was compelled to make three supplemental submissions, we find only that the administrative judge erred in failing to consider the supplemental response of December 14, 2015, IAF, Tab 12, but not the additional responses of December 18 and December 21, 2015, IAF, Tabs 13-14.

¶9        In reviewing the appellant's supplemental response of December 14, 2015, IAF, Tab 12, we first address his claim of retaliation for whistleblowing. He alleged that, after he filed his 2014 EEO complaint, the agency retaliated against him for participating in the EEO process by proposing to suspend him. *Id.* at 2-3. Because the appellant does not allege that his EEO complaint was "with regard to remedying a violation of paragraph (8)," retaliation for whistleblowing, 5 U.S.C. § 2302(b)(9)(A)(i); *id.* at 22-23, he has failed to nonfrivolously allege that he made a protected disclosure such as is required to establish Board jurisdiction over an IRA appeal. 5 U.S.C. § 1221(e)(1). Regarding the appellant's claim that the agency denied him a benefit of employment based on his military service in violation of USERRA, he alleged that the agency denied him accrued sick leave to attend a VA hospital and that the denial was due to his service-connected disability. IAF, Tab 12 at 6-7. The appellant's leave request does not include the basis for the request or otherwise support his claim in any way. *Id.* at 49. As such, he has failed to nonfrivolously allege that the agency denied him an employment benefit based on his military service. *Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1495 (Fed. Cir. 1998). We conclude, therefore,

that the administrative judge's error in not considering this pleading did not prejudice the appellant's substantive rights. *Panter*, 22 M.S.P.R. at 282.

¶10    The appellant repeats on review his claim that the agency subjected him to a hostile working environment because of his military service in violation of USERRA. PFR File, Tab 1 at 7. He has not, however, explained how the agency's treatment of him was based on his military service. Thus, even broadly construing the appellant's allegations, he failed to nonfrivolously allege that he was subjected to a pattern of ongoing and persistent harassing behavior based on his military service. Therefore, he has not shown that the administrative judge erred in finding that he failed to establish Board jurisdiction under USERRA. ID at 7; *see Kitlinski v. Department of Justice*, 123 M.S.P.R. 41, ¶¶ 19-21 (2015).

¶11    On review, the appellant alleges that the administrative judge did not convene the hearing he requested. PFR File, Tab 1 at 5. In acknowledging the appeal, the administrative judge explained that a hearing would be convened only if the appellant supported his claim of involuntariness with affidavits or other evidence of facts which, if proven, could show that his retirement was involuntary. IAF, Tab 2. The appellant's conclusory statements and numerous references and citations to Board decisions do not constitute support of his claimed involuntary retirement, and, therefore, he has failed to show that the administrative judge abused his discretion in not convening the requested hearing. *See Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 16 (2013). Moreover, because the appellant did not establish the Board's jurisdiction over this matter under USERRA or as an IRA appeal, he also was not entitled to a hearing on those grounds. *Kitlinski*, 123 M.S.P.R. 41, ¶ 6; *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

¶12    The appellant also argues on review that the administrative judge erred by failing to consider his claim of disability discrimination based on a denial of reasonable accommodation. PFR File, Tab 1 at 9. However, the administrative judge correctly stated that an appellant's allegations of discrimination and

retaliation are relevant, and evidence thereof may be considered, only to the extent that they relate to the issue of voluntariness, and not whether such evidence meets the test for proof of discrimination under title VII of the U.S. Code, and that only if Board jurisdiction is established in a constructive discharge appeal may the issues be adjudicated under the standards applicable for proof under Title VII, as the case is then a "mixed case." ID at 3; *Markon v. Department of State*, 71 M.S.P.R. 574, 578 (1996). As noted, the administrative judge concluded, after review of the appellant's submissions, that he failed to make nonfrivolous allegations of fact which, if proven, would establish that he lacked a meaningful choice in his decision to retire and that it was the agency's wrongful actions that deprived him of that choice. ID at 7; *see Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). Even if the administrative judge did not specifically so state, his finding is presumed to include consideration of the appellant's allegation of disability discrimination. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984) (finding that the administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). In any event, the appellant failed to nonfrivolously allege that the agency's purported denial of his request for 3 days of leave in January 2015 compelled him to retire a year later. *See Gregory v. Federal Communications Commission*, 79 M.S.P.R. 563, 569-70 (1998) (explaining that, under certain circumstances, events may be too remote in time to have motivated a reasonable person to resign/retire).

¶13     The appellant argues on review that, in some manner, the Equal Employment Opportunity Commission denied him due process after the agency's issuance of the FAD. PFR File, Tab 1 at 14. Although the basis of this claim is unclear, the FAD was issued 7 months after the appellant's retirement and so it could not have influenced or had any effect on that action.

¶14 Finally, the appellant alleges that the administrative judge berated him by describing his responses as "discursive." PFR File, Tab 1 at 15, ID at 4-5. To the extent the appellant is suggesting that the administrative judge was biased against him, it is well established that, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The appellant's conclusory claim, which does not involve extrajudicial conduct, is insufficient to overcome that presumption of honesty and integrity. *Simpkins v. Office of Personnel Management*, 113 M.S.P.R. 411, ¶ 5 (2010).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[6] In the initial decision, the administrative judge provided the appellant with mixed-case review rights to the Equal Employment Opportunity Commission regarding his claims of discrimination. ID at 10-11. Because we agree with the administrative judge that dismissal on jurisdictional grounds is the appropriate disposition in this case, nonmixed-case review rights are appropriate, even though the appellant raised claims of discrimination. *Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 22 (2015). We have provided the appellant with the proper review rights in this Final Order.

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.